**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY ADJIAN, | No. 15-56677 |
| Plaintiff-Appellant, | D.C. No. 14-cv-08445-DMG-AJW |
| v. | |
| JPMORGAN CHASE BANK, N.A., | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Argued and Submitted August 31, 2017
Pasadena, California

Before: FISHER and BYBEE, Circuit Judges, and BARTLE,** District Judge.

Tony Adjian, a former employee of JPMorgan Chase Bank ("JPMC"),

appeals the District Court's grant of summary judgment in favor of JPMC and

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Harvey Bartle III, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

against him in this diversity action alleging a number of California state law claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is de novo. *See Unelko Corp. v. Rooney*, 912 F.2d 1049, 1052 (9th Cir. 1990).

Adjian began working for JPMC as a personal banker in October 2010. It is undisputed that he was an "at-will" employee. On September 4, 2014 JPMC terminated him on the basis of "loan integrity." Following the termination, JPMC filed a required Uniform Termination Notice for Securities Industry Regulation ("Form U–5") with the Financial Industry Regulatory Authority ("FINRA"). The Form U–5 stated that Adjian "was terminated after he was unable to fully substantiate how real estate property was transferred to him in violation of the mortgage security instrument."

Adjian first argues that the District Court erred in granting summary judgment in favor of JPMC with respect to his claim of wrongful termination. Under California law an at-will employee such as Adjian may be terminated for any or no reason, unless his termination is based on his status as a member of a protected class or for a reason that violates principles of public policy. *See Tameny v. Atl. Richfield Co.*, 27 Cal. 3d 167, 172 (1980); *see also* Cal. Gov't Code § 12940. There are no facts in the record to foreclose Adjian's termination as an at-will employee. He has not identified any evidence demonstrating that he is a

member of a protected class or that public policy considerations would preclude his termination. Thus, Adjian's claim for wrongful termination fails.

The District Court likewise did not err in granting summary judgment in favor of JPMC on Adjian's claim of defamation. Adjian contends that JPMC's filing of the Form U–5 with FINRA detailing the reasons for his termination was defamatory. Under California law, defamation "involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injury that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007).

The California Civil Code sets forth an absolute privilege under § 47(b). The statute states, in relevant part, that "[a] privileged publication or broadcast is one made . . . [i]n any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law[.]" Cal. Civ. Code § 47(b). The privilege under § 47(b) is absolute and thus cannot be defeated by a showing of malice. *See Hagberg v. Cal. Fed. Bank FSB*, 32 Cal. 4th 350, 364–65 (2004).

FINRA is a "self-regulatory organization" under the Securities Exchange Act and is overseen by the Securities and Exchange Commission. FINRA exercises comprehensive oversight and regulation over all securities firms. *Sacks v. Sec. & Exch. Comm'n*, 648 F.3d 945, 948 (9th Cir. 2011); *see also* 72 Fed. Reg.

3

42169 (Aug. 1, 2007); 72 Fed. Reg. at 42170. It is the successor to the National Association of Securities Dealers, Inc. *Sacks*, 648 F.3d at 948 n. 1; *see also* 15 U.S.C. § 78s(b).

The filing of the Form U–5 under the circumstances of this case was absolutely privileged under § 47(b). *See Fontani v. Wells Fargo Invs., LLC*, 129 Cal. App. 4th 719, 731–32 (2005); *see also Kibler v. N. Inyo Cty. Local Hosp. Dist.*, 39 Cal. 4th 192, 203 (2006). Thus the District Court correctly granted summary judgment in favor of JPMC on Adjian's defamation claim.

We have considered Adjian's arguments with respect to his other claims and find them to be without merit. The order of the District Court is **AFFIRMED**.